[No. 8564–6–I. Division One. June 7, 1982.]

CHELSEA WOODWARD, *Appellant,* v. NANCY
STEELE, ET AL, *Respondents.*

*Robert Schmitt,* for appellant.

*Thompson, Krilich, LaPorte & Buckner, Dennis J. LaPorte,* and *Charles Langfitt,* for respondents.

JAMES, J.—Plaintiff Chelsea Woodward appeals from a judgment on a verdict in favor of defendants Nancy and Marvin Steele and U. Nort, d/b/a Ranger Management, and denial of his motion for a new trial in an action alleging the tort of outrage. We affirm.

Woodward, a postoperative heart bypass patient, attempted to gain entrance into his son's apartment through the landlady, Mrs. Steele, after receiving a call from his son that he had fallen, wrenched his back, and needed assistance. Although Woodward told Steele he had a heart condition and should not get excited, she denied entry to Woodward, and subsequently to a police officer, because Woodward's son had previously expressly instructed her that she was not to enter his apartment

without his written consent. Steele, however, agreed to open the apartment if an emergency vehicle was called. Woodward allegedly suffered an anxiety attack, mental and emotional distress, and was forced to retire. Other evidence was adduced that Woodward had intended to retire and was susceptible to stress.

Woodward first contends the trial judge erred in giving instruction 11:

> You are instructed that the plaintiff has the burden of proving severe emotional distress that is so extreme or so severe that no reasonable man could be expected to endure it.
> The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the defendant has knowledge.

Woodward argues that because instruction 11 requires proof that the emotional distress was so extreme that no reasonable man could endure it, it is an erroneous statement of the law. Woodward also argues that the instruction is a comment on the evidence, duplicates instruction 13, and improperly overemphasizes the defense theory. We do not agree.

In *Grimsby v. Samson,* 85 Wn.2d 52, 530 P.2d 291 (1975), our Supreme Court adopted the tort of outrage as set forth in the Restatement (Second) of Torts § 46 (1965), after considering and rejecting the arguments against this extension of tort liability. The court stated on page 59:

> The second argument, that a defendant will have potentially unlimited liability for every type of mental disturbance, is, we feel, adequately met by the standards set forth in the comments to Restatement (Second) of Torts § 46.

The requirement stated in instruction 11 that the emotional distress suffered be "so extreme or so severe that no reasonable man could be expected to endure it" is in accord with comment *j,* Restatement (Second) of Torts § 46, which

defines "severe emotional distress." The requirement that plaintiff's distress "be reasonable and justified under the circumstances," expressly excluding "exaggerated and unreasonable emotional distress" not arising from a peculiar susceptibility of which the defendant had knowledge, is likewise in accord with comment *j*, Restatement (Second) of Torts § 46. The instructions given were not an erroneous statement of the law.

 Instruction 11 is not a comment on the evidence because, in addition to correctly stating the law, it does not assume the truth of any material fact concerning which there is conflicting evidence. *Cf. Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 533, 452 P.2d 729 (1969). Instruction 11 also entails no improper overemphasis upon the asserted defenses under the test set forth in *Samuelson v. Freeman,* 75 Wn.2d 894, 897, 454 P.2d 406 (1969):

> When the instructions as a whole so repetitiously cover a point of law or the application of a rule as to grossly overweigh their total effect on one side and thereby generate an extreme emphasis in favor of one party to the explicit detriment of the other party, it is . . . error— even though each instruction considered separately might be essentially correct.

Furthermore, instruction 11 does not duplicate instruction 13. The former defines "emotional distress," while the latter defines "extreme and outrageous conduct." Both are separate elements of the tort of outrage. *Grimsby v. Samson, supra.*

Woodward next contends the trial judge erred in giving instruction 13:

> In determining what is extreme and outrageous conduct, you are instructed that it is the law of this state that liability can be found only where the conduct had been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. It is not enough that the defendant acted with an intent which is tortious or even criminal, or that he intended to inflict emotional distress.
>
> You are further instructed that the conduct, although

it would otherwise be extreme and outrageous, may be privileged under the circumstances. The actor is never liable, for example, where he's done no more than insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.

He argues that because instruction 13 requires proof that the defendant's conduct rises beyond that motivated by criminal intent, it is an erroneous statement of law. He further argues that the instruction is a comment on the evidence because it presumes Steele was privileged to refuse entry to a police officer, who, lacking a warrant, requested entry. We do not agree.

Instruction 13 draws on comments *b, d,* and *g,* Restatement (Second) of Torts § 46. The Supreme Court referred to comments *d* and *g* in *Grimsby v. Samson, supra.* Instruction 13 is a correct statement of the law. We observe, however, that prefacing an instruction by language such as "[i]t is not enough" is argumentative and should be avoided. *See Curtis v. Blacklaw,* 66 Wn.2d 484, 490 n.3, 403 P.2d 358 (1965).

Instruction 13 is not a comment upon the evidence. *Cf. Ulmer v. Ford Motor Co., supra.* Although a warrant is not required for police entry into dwellings in cases of emergency, *State v. Nichols,* 20 Wn. App. 462, 581 P.2d 1371 (1978), *State v. Sanders,* 8 Wn. App. 306, 506 P.2d 892 (1973), there was evidence from which the jury could conclude Steele merely insisted upon her legal rights by requiring that an emergency vehicle be called before she would open the door.

 Woodward also assigns error to the giving of instruction 14. No exception having been taken to instruction 14, this assignment of error will not be considered on appeal. *American Oil Co. v. Columbia Oil Co.,* 88 Wn.2d 835, 567 P.2d 637 (1977).

Woodward next contends the trial judge erred in giving instruction 15:

The laws of this state do not recognize the moral obli-

gation of common decency and common humanity, to come to the aid of another human being who is endangered, even though the outcome could cost his life. Thus, no man is bound to aid or benefit another, in the absence of some peculiar relationship or an express agreement given upon sufficient consideration, and, therefore, mere inaction cannot create liability.

Accordingly, since a statute allows, but does not require, a landlord to enter the dwelling unit of the tenant, determination of whether the defendant conducted herself in an extreme and outrageous manner depends upon the contractual relationship of the parties. Therefore, it is the plaintiff's burden of proving that there existed a peculiar relationship or contract between the parties wherein the defendant was bound to open the tenant's apartment without his prior consent at the request of a non–tenant in cases of emergency, and you must further find that such a state of emergency existed.

He argues the instruction was a comment on the evidence and also required the jury to find a "contractual relationship of the parties," *i.e.,* Woodward and Steele, and thereby had the effect of directing a defense verdict. We do not agree.

An abstract statement of the applicable legal principles would have been preferable, but instruction 15 does not assume the existence of any disputed material fact and thus does not constitute a comment on the evidence. *Ulmer v. Ford Motor Co., supra.*

Nor does instruction 15 call for a directed verdict. Steele's rights and duties under the landlord–tenant contract to which Woodward's son was a party bear directly upon whether she acted within her legal rights and therefore whether her conduct was "extreme and outrageous." The "contractual relationship of the parties" plainly refers to the landlord–tenant relationship between the apartment owners and Woodward's son; it does not require the jury to find a contractual relationship between Steele and Woodward in order to return a plaintiff's verdict. We find no prejudicial error.

Woodward finally contends the trial judge erred in giving

instruction 16:

It is the law of this state that a landlord owes no greater duty to any third party than he does to his tenant.

Woodward argues that the instruction is immaterial to the case, was a comment on the evidence, and directed a defense verdict. We do not agree.

Any "duty" which a landlord might have with respect to a third party is affected by the terms of the landlord's relationship with his tenant. This bears directly upon the determination of whether a defendant's conduct was "extreme and outrageous" in a suit for outrage. We do not find instruction 16 to have been prejudicial to Woodward under any of the legal theories he advances.

The judgment is affirmed.

ANDERSEN, C.J., and CORBETT, J., concur.

Reconsideration denied July 6, 1982.